UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERICK NORWOOD, | ) | 1:05-CV-0757 AWI SMS HC |
| | ) | |
|           Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
|    v. | ) | REGARDING RESPONDENT'S MOTION |
| | ) | TO DISMISS |
| | ) | |
| JAMES YATES, | ) | [Doc. #12] |
| | ) | |
|           Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND[1]**

Petitioner is currently in the custody of the California Department of Corrections at Pleasant Valley State Prison located in Coalinga, California. He is serving a four-year sentence for battery on a correctional officer by a prison inmate.

On November 15, 2001, while incarcerated at California Correctional Institution located in Tehachapi, California, Petitioner was found guilty of disrespecting a correctional officer. See Exhibit

---

[1] This information is derived from the petition for writ of habeas corpus, Respondent's motion to dismiss the petition, and the exhibits lodged with Respondent's motion to dismiss.

1  D, Respondent's Motion to Dismiss (hereinafter "Motion"). Petitioner was assessed a credit
2  forfeiture of 30 days. Id.

3  On December 14, 2001, Petitioner appealed the violation at the Director's Level. See Exhibit
4  B, Motion. On May 30, 2002, the administrative appeal was denied thereby exhausting Petitioner's
5  administrative remedies. See Exhibit C, Motion.

6  Over a year and a half later, on February 3, 2004, Petitioner filed a petition for writ of habeas
7  corpus in Kern County Superior Court.² See Exhibit D, Motion. On February 24, 2004, the Superior
8  Court denied the petition for failure to state a prima facie case for relief and as untimely filed. Id.

9  Petitioner then filed a petition for writ of habeas corpus in the California Court of Appeals,
10 Fifth Appellate District (hereinafter "5th DCA"). See Exhibit E, Motion.  The petition was summarily
11 denied on September 20, 2004. Id.

12 On September 30, 2004, Petitioner filed a petition for writ of habeas corpus in the California
13 Supreme Court. See Exhibit F, Motion.  The petition was summarily denied on February 23, 2005.
14 See Exhibit G, Motion.

15 On May 4, 2005, Petitioner filed the instant federal petition for writ of habeas corpus in this
16 Court.

17 On October 7, 2005, Respondent filed a motion to dismiss the petition as being filed outside
18 the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1).

19 Petitioner did not file an opposition to Respondent's motion to dismiss.

20 **DISCUSSION**

21 A.  Procedural Grounds for Motion to Dismiss

22 Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
23 petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

---

25  ²Although the petition was filed in the Kern County Superior Court on February 19, 2004, the petition was dated
26 February 3, 2004. In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on
   the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston
27 v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). The Ninth Circuit has applied the rule to assess the timeliness of
   federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), *citing*
28 Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). Therefore under the mailbox rule, the Court deems the
   petition filed on February 3, 2004, the date Petitioner presumably handed his petition to prison authorities for mailing.

entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on May 4, 2005, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. In a situation such as this where the petitioner is challenging a prison disciplinary action, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. See Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir.2003) (holding that the Board of Prison Term's denial of an inmate's administrative appeal was the "factual predicate" of the inmate's claim that triggered the commencement of the limitations period). Therefore, the limitations period commenced on May 31, 2002, the day after Petitioner was informed that the Director's Level appeal had been denied. See Exhibit C, Motion. Under Section 2244(d)(1)(D), Petitioner had one year until May 31, 2003, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. Petitioner did not file his federal petition until May 4, 2005, almost two years after the limitations had expired.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 122 S.Ct. 2134, 2135-36 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006

(9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); Welch v. Newland, 267 F.3d 1013, 1016 (9th Cir.2001) ("tolled period includes intervals between the disposition of a state court petition and the filing of a subsequent petition at the next state appellate level"); Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir.2001) (stating that the "AEDPA's one-year grace period is tolled during the pendency of properly filed state petitions challenging the judgment or claim at issue."); cf. Dils v. Small, 260 F.3d 984, 986 (9th Cir.2001) (Court found no tolling between consecutive filings at the same level); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1061 (C.D. Cal.2001) (holding that the interval between a motion for sentence modification in the state superior court and a habeas petition in the superior court was not tolled pursuant to 28 U.S.C. § 2244(d)(2)).

As stated above, the statute of limitations began to run on May 31, 2002, and expired on May 31, 2003. Although Petitioner filed three post-conviction collateral challenges with respect to the pertinent judgment or claim in state court, the petitions did not operate to toll the statute of limitations. The first collateral challenge was filed on February 3, 2004, over eight months after the limitations period had expired. Because the limitations period had already expired, the collateral challenge had no tolling consequences. Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002). For the same reasons, Petitioner is not entitled to tolling for the time his subsequent state habeas petitions were pending. Therefore, the instant petition remains untimely.

D.  Equitable Tolling

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, -- U.S. –, 188 S.Ct. 60, 139 (1997); (Beeler), 128 F.3d at 1288 (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."

1 Id.; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

2  Petitioner does not argue that there were any circumstances beyond his control which
3 prevented him from timely complying with the limitations period.  As there exists no circumstances
4 sufficient to justify equitably tolling the limitations period, the petition is untimely and must be
5 dismissed.

6 **RECOMMENDATION**

7  Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be
8 GRANTED and the habeas corpus petition be DISMISSED for Petitioner's failure to comply with 28
9 U.S.C. § 2244(d)'s one year limitation period.

10  These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii,
11 United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and
12 Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
13 California.

14  Within thirty (30) days after being served with a copy, any party may file written objections
15 with the court and serve a copy on all parties.  Such a document should be captioned "Objections to
16 Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and
17 filed within ten (10) court days (plus three days if served by mail) after service of the objections.
18 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The
19 parties are advised that failure to file objections within the specified time may waive the right to
20 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21

22 IT IS SO ORDERED.

23 **Dated:   December 7, 2005**                    /s/ Sandra M. Snyder
   icido3                                          UNITED STATES MAGISTRATE JUDGE
24